IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COACH, INC. and COACH SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | No. 11 C 3987 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| QUE BELLA, CAROL AMATO, individually and ) | |
| d/b/a Que Bella, and DOES 1 THROUGH 100, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Coach, Inc. and Coach Services, Inc. filed an eleven-count complaint against defendants Que Bella, Carol Amato both individually and d/b/a Que Bella, and Does 1-100 alleging: trademark infringement, trade dress infringement, and counterfeiting under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a) and (c)); copyright infringement under the United States Copyright Act (17 U.S.C. § 501 *et seq.*); trademark infringement, unfair competition and unjust enrichment under Illinois common law; trademark dilution under Illinois common law and the Illinois Anti-Dilution Act (765 ILCS 1035/15); and unfair competition under the Illinois Consumer Fraud and Deceptive Practices Act (815 ILCS 505). Defendant Amato, individually and d/b/a Que Bella, answered the complaint. Plaintiffs have filed a motion to strike portions of defendant's answer, arguing that it fails either to admit or deny certain allegations, or otherwise reply properly. For the reasons discussed below, plaintiffs' motion is denied.

**DISCUSSION**

In paragraphs 27(a)-(f) and 27 (j)-(k) of the complaint, plaintiffs allege that defendant had a telephone conversation about the sale of handbags, met with an individual regarding the

sale of handbags, and sold a handbag to that individual. Plaintiffs move to strike defendant's answers to paragraphs 27(a)-(f) and 27(j)-(k). For each sub-paragraph, defendant answered:

> Defendant Amato lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

Plaintiffs argue that defendant's answer is not proper under Fed. R. Civ. P. 8(b), because it avoided directly admitting or denying the "substance of the allegations" in these paragraphs. Further, plaintiffs argue that defendant's answers do not conform to the requirements of honesty in pleading, because defendant in fact had knowledge or information as to matters concerning her personal involvement. Defendant responds that the answers were proper because the allegations detail the actions, observations and alleged knowledge of a "Coach Investigator," not defendant. Defendant argues she did not have the knowledge or information sufficient to form a belief as to the truth of the matter asserted and consequently denied the allegations.

Fed. R. Civ. P. 8(b) requires a responding party to admit, deny, admit in part and deny in part, or state lack of knowledge or information sufficient to form a belief about the truth of an allegation. An answer of no knowledge or information constitutes a denial. Denials of factual contentions must be based on the evidence or, if specifically so identified, on belief or a lack of information. Fed. R. Civ. P. 11(b)(4). Defendant's contradictory answers state a lack of knowledge or information sufficient to form a belief about the truth of the allegations *and* deny the same allegations. As Judge Shadur stated, this "oxymoronic" method of responding is flawed because lack of knowledge is inconsistent with denial. See Vitale v. Palisades Collection, 2009 WL 3255307 (N.D. Ill. 2009). Ideally, the answers would have ended after the word "paragraph," and not included "and therefore denies the same." The fact that defendant answered both lack of knowledge and denied the allegations is a relatively minor flaw that

2

knowledgeable counsel should have avoided. In the exercise of its discretion, however, the court declines to strike the answers because the allegations in the complaint are poorly crafted.

Defendant is under an obligation to respond honestly to plaintiffs' well-pled allegations. In responding to a complaint, "very often it doesn't require much in the way of information to form a belief about the truth or lack of truth in someone else's assertions." State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). An answer however, responds to the allegation as stated in the complaint. As mentioned above, in the disputed sections plaintiffs allege actions and observations by a Coach Investigator rather than defendant. For example, plaintiffs allege:

> On or about April 19, 2011, an Investigator for Coach telephoned (630) 269-4570, this telephone number was identified for Que Bella. (Paragraph 27(a)).
>
> On or about April 21, 2011, the Investigator for Coach travelled to the residence of Carol Amato located at 339 Orchard Lane, Bloomingdale, Illinois 60108 ("the Property"). Upon arrival, the Coach Investigator observed this location to be a single family residence. (Paragraph 27(e)).
>
> The Coach Investigator entered the residence and observed on display, and being offered for sale, multiple handbags depicting various designer trademarks. (Paragraph 27(f)).
>
> The Coach Investigator handled several handbags depicting the Coach trademarks and identified them as counterfeit. (Paragraph 27(j)).

These allegations are inartfully pled, to say the least. Defendant likely would not have knowledge or information sufficient to form a belief that the person she allegedly met with was a "Coach Investigator." While Defendant may have knowledge that an individual called and visited the house and handled handbags, she would have had no reason to know that the person was an investigator for plaintiffs. And of course defendant cannot be expected to answer as to any observations or beliefs of the alleged investigator, such as the investigator identifying the

3

bags as alleged counterfeits. Finally, defendant simply might not remember the events alleged in the complaint. Defendant must admit what she knows, but is not required to speculate as to what someone else observed. Her answers of insufficient knowledge respond properly to the allegations as pled.

## CONCLUSION

Plaintiffs' motion to strike defendant's answers to paragraphs 27(a)-(f) and 27(j)-(k) is denied. Counsel for both parties are admonished to be more careful in drafting their pleadings in the future.

**ENTER:** **February 29, 2012**

_____
**Robert W. Gettleman**
**United States District Judge**